UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>FRANK ANNETTE ) | Case No. 2:10-cr-131 |

**OPINION AND ORDER**

Frank Annette was convicted in 2012 of conspiracy to distribute heroin and cocaine base (Count 1), possessing a firearm in furtherance of drug trafficking (Count 2), and aiding and abetting possession of a firearm in furtherance of a conspiracy (Count 3). He has since filed a series of *pro se* motions, two of which seek relief under Federal Rule of Civil Procedure 60(b) and one requesting a sentence reduction under 18 U.S.C. § 3582. The request for relief under Section 3582 has been denied. (ECF No. 285). Annette's motions under Rule 60(b) (ECF Nos. 277, 287) are pending.

Annette was sentenced to concurrent sentences of 200 months on Counts 1 and 2, and to a consecutive 60 months on Count 3. He now asks the Court to vacate his conviction on Count 3 and re-sentence him without the consecutive portion of the sentence. For support, he cites his efforts at rehabilitation while in prison, as well as the ages of his children at the time of his anticipated release. Annette also cites *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014), wherein the

defendant sought relief under Rule 60(b) after his habeas corpus petition was denied, and the government assented to re-sentencing.

In this case, unlike *Holloway*, the government does not assent. Moreover, there is no basis for relief under Rule 60(b), as that Rule applies only to civil proceedings. *See* Fed. R. Civ. P. 1. More specifically, "Rule 60(b) is not available to directly challenge the integrity of an underlying criminal conviction or sentence." *United States v. Christian Bros. Contracting Corp.*, 586 F. App'x 79, 80 (2d Cir. 2014) (citing *Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004)).

When faced with a Rule 60(b) motion challenging a criminal judgment, a district court may either treat the motion as a petition under 28 U.S.C. § 2255 or deny it as beyond the scope of the Rule. *Harris*, 367 F.3d at 82. Here, the government notes that a motion under Section 2255 would be untimely, and Annette himself concedes that a Section 2255 filing is no longer an option. ECF No. 287 at 1. Furthermore, Annette has not identified any legal infirmity in either his conviction or sentence that would warrant relief under Section 2255. Accordingly, his motions to vacate his conviction on Count 3 (ECF Nos. 277, 287) are **denied.**

DATED at Burlington, in the District of Vermont, this 21st day of October, 2019.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge