```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT


UNITED STATES OF AMERICA,      )
                               )
                               )
     v.                        )      Crim. No. 2:10CR131-02
                               )
FRANK ANNETTE                  )
     Defendant.                )
```

### MEMORANDUM IN OPPOSITION TO DEFENDANT'S SECOND MOTION FOR COMPASSIONATE RELEASE

Frank Annette has served about 65% of a 260-month sentence on drug conspiracy and firearms charges. According to the Bureau of Prisons, Annette's projected release date is August 15, 2029. Annette has filed a second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

In his original 2020 motion, Annette sought reduction to a time-served sentence. Before Annette filed that motion the Bureau of Prisons, acting under authority delegated to it by the CARES Act, had released Annette to home confinement. Annette has remained on home confinement since then. This court denied Annette's first motion for release, reasoning that by placing Annette on home confinement, BOP effectively awarded Annette the relief he sought – namely, release from BOP confinement, with its attendant risks of COVID exposure.

1

In this second motion, Annette again asks the court to reduce his sentence to time served. If the court were to grant the motion, Annette's home confinement would end and he would then begin serving his five-year term of supervised release. This court should deny Annette's second motion because he cannot show either that "extraordinary and compelling reasons" justify a sentence reduction, or that he does not present a danger to any person or the community. The court should issue this denial without a hearing. See, e.g., United States v. Smith, 982 F.3d 106, 113 (2nd Cir. 2020)(movant has no categorical right to hearing in sentence reduction proceeding under 18 U.S.C. § 3582(c)(2)); United States v. Vandegrift, No. 20-3877 (2nd Cir. Jan. 11, 2022)(summary order)(defendant has no categorical right to hearing on motion for compassionate release).

## PROCEDURAL BACKGROUND

In 2012, Annette was convicted, after trial, of conspiring to distribute heroin and 280 grams or more of cocaine base (Count 1); conspiring to possess a firearm in furtherance of that conspiracy (Count 2); and aiding and abetting the possession of a firearm in furtherance of the conspiracy (Count 3).

At sentencing, the court grouped Counts 1 and 2. The base offense level was 38, based upon a marijuana equivalency of 30,000 kilograms. Annette received a 3-level role enhancement

and a 2-level obstruction enhancement, producing a total offense level of 43.  As a criminal history category III offender, Annette's advisory Guidelines imprisonment range on Count 1 and 2 was life.  The Count 3 conviction called for a mandatory five-year consecutive term.  The court varied downward significantly, however, and imposed 200-month concurrent terms on Counts 1 and 2 and the five-year consecutive term on Count 3.  The aggregate prison sentence was thus 260 months.

Annette appealed his conviction but the Second Circuit affirmed in a summary order.  United States v. Annette, 548 F. App'x 712 (2nd Cir. 2013).

**ARGUMENT**

**A.   Compassionate Release**

Given the strong interest in the finality of criminal judgments, a conviction that includes a term of imprisonment can be modified only in limited circumstances.  See generally United States v. Dillon, 560 U.S. 817, 825, 827-28 (2010).  When it enacted the Sentencing Reform Act in 1984, Congress gave district judges limited authority to reduce a defendant's sentence, for what has come to be known as compassionate release, under 18 U.S.C. § 3582(c)(1)(A).  Until 1994, that provision set forth only a single eligibility factor:  the defendant must present "extraordinary and compelling reasons" for a sentence reduction.  Pub. L. 98-473 § 212, 1984

3

U.S.C.C.A.N. (98 Stat.) 1998-99.  In the Violent Crime Control Act of 1994, Congress bifurcated § 3582(c)(1)(A), redesignating as subsection (i) the "extraordinary and compelling reasons" ground.  In addition, in a new subsection (ii), Congress established a second set of early-release criteria for prisoners who were at least 70 years old, had served at least 30 years in prison, and whom the Bureau of Prisons had determined were not a danger to any person or the community.  Pub. L. 103-322 § 70002, 1994 U.S.C.C.A.N. (108 Stat.) 1984-85.  In either case, the court could decrease a sentence only after the Bureau of Prisons first moved for such reduction.  Section 3582(c)(1)(A) further cautioned that any reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The First Step Act, passed on December 21, 2018, broadened the class of prisoners who could obtain judicial review of compassionate release requests by eliminating BOP's gatekeeping role in the process.  After exhausting administrative remedies, an inmate now may move directly in the district court for a sentence reduction.  Notably, however, the First Step Act did not in any way change or enlarge the two eligibility criteria for relief; in this respect, the statute remains just as it did in 1994.  United States v. Ebbers, 2020 WL 91399 *4 (S.D.N.Y. Jan. 8, 2020) ("Although the history and text of the First Step Act suggest that Congress intended to broaden the availability

4

of compassionate release (its title is 'Increasing the Use and Transparency of Compassionate Release'), Congress in fact only expanded access to the courts; it did not change the standard.")(citing cases).

18 U.S.C. § 3582(c)(1)(A), as amended, now provides in pertinent part:

> **(c) Modification of an Imposed Term of Imprisonment.** —The court may not modify a term of imprisonment once it has been imposed except that —
>
> (1) in any case —
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that —
>
> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

**B.   Annette Has Not Shown "Extraordinary And Compelling Reasons" For Early Release**

Compassionate release, even based on dire medical or family circumstances, should be a "rare" and "extraordinary" event – as § 3582(c)(1)(A)'s definitional terms themselves connote. United States v. Willis, 382 F.Supp.3d 1185, 1188-89 (D.N.M. 2019) (compiling cases; citations omitted); United States v. Johns, 2019 WL 2646663 *2 (D.Az. June 27, 2019).

In his pro se motion, Annette sought a sentence reduction because he believed BOP was preparing to revoke his home confinement and return him to a correctional facility once the Coronavirus pandemic subsided.  As counsel's supplemental submission has demonstrated, however, the Department of Justice has recently issued an opinion that BOP is not required to return inmates to custody when pandemic conditions improve. Thus, Annette's original basis for a sentence reduction no longer exists.

Counsel's supplemental submission in support of compassionate release makes only the most half-hearted effort to show that truly extraordinary and compelling reasons exist that make Annette eligible for a sentence reduction.  Although the Second Circuit in Zullo held that district courts now have broad discretion to determine for themselves what constitute extraordinary and compelling reasons, that discretion is not

6

without boundaries.  U.S.S.G. § 1B1.13 recognizes that an inmate's advanced age, unusual medical conditions or challenging family circumstances may in certain cases justify a sentence reduction.  Neither Annette's pro se filing nor counsel's supplemental submission makes a case that Annette qualifies under any of these criteria.  Although those factors are not the only bases for granting relief, the only other facts advanced by Annette are his difficult upbringing and his laudable record of behavior while incarcerated.  As to the latter, 28 U.S.C. § 994(t) explicitly bars a court from reducing a sentence based solely on a defendant's rehabilitation.  With respect to the defendant's history and characteristics, the court undoubtedly took Annette's background and upbringing into account when it imposed the original, relatively lenient sentence.  A compassionate release motion is not an opportunity for a court to reconsider its original sentence.  See, e.g., United States v. Roney, 2020 WL 6387844 *5 (2nd Cir. Nov. 2, 2020)(summary order)(Livingston, CJ, Lynch & Kearse, JJ)("a compassionate-release motion 'is not an opportunity to second guess or to reconsider' the sentencing court's original decision," quoting Ebbers, 432 F.Supp.3d at 429).

In short, Annette has not made the threshold showing of extraordinary and compelling reasons.  That failure leaves him categorically ineligible for a sentence reduction.

**C.   Section 3553(a) Factors And Danger To The Community**

Even if Annette were deemed eligible, however, § 3553(a) factors counsel against any sentence reduction.  Before releasing an inmate under § 3582(c)(1)(A), the court must consider the § 3553(a) sentencing factors, and further determine that Annette "is not a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).  The Government does not believe Annette can show that he is not a danger to others.

First, assessment of § 3553(a) factors militates against Annette's release from home confinement more than seven and one-half years before he otherwise would become eligible.  Annette was convicted of an extremely serious series of offenses – indeed, crimes for which Congress has prescribed mandatory-minimum penalties totaling 15 years.  The court determined that Annette played a major organizing role in a multi-state, multi-year conspiracy that trafficked in very substantial quantities (particularly by Vermont standards) of crack cocaine and heroin.  Firearms were routinely carried and deployed by members of the conspiracy, including Annette.  Annette himself used violence and threats of violence to police the conduct of co-conspirators, going so far as to essentially abduct one co-defendant - whom Annette feared might by cooperating with law enforcement – from Vermont to Connecticut.  For this conduct,

Annette received an obstruction-of-justice enhancement at sentencing.

    Prior to his involvement in this two-year drug conspiracy, Annette had a moderate record that placed him in criminal history category III.  His advisory Guidelines imprisonment range at sentencing was life-plus-five-years.  The court substantially varied from that range and imposed consecutive terms of 200 and 60 months.  Annette has already received an extraordinary deviation from his 260 month sentence when he was allowed to go home years early.  Absent a showing that continued home confinement is more than a serious inconvenience, additional relief from Annette's already-reduced sentence is unwarranted by the interests of justice.

    The motion for compassionate release should be denied.

Dated at Burlington, in the District of Vermont, January 12, 2022.

                                        Respectfully submitted,

                                        UNITED STATES OF AMERICA

                                        NIKOLAS P. KEREST
                                        United States Attorney

                                By: /s/ *GREGORY L. WAPLES*
                                        Assistant U.S. Attorney
                                        P.O. Box 570
                                        Burlington, VT 05402-0570
                                        (802) 951-6725
                                        Gregory.Waples@usdoj.gov